UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LUCIA URIZAR-MOTA; <br> SERGIO REYES; Individually and p.p.a. <br> DELMY REYES; <br> SERGIO REYES; WILMER REYES <br> and GERSON REYES, minors <br>     Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA; <br> JOHN and/or JANE DOE, M.D., Alias; and <br> JOHN DOE CORPORATION, Alias, <br>     Defendants. | C.A. No. |

## COMPLAINT

### PARTIES

1. Lucia Urizar-Mota is a citizen and resident of Providence, State of Rhode Island.

2. Sergio Reyes is a citizen and resident of Providence, State of Rhode Island.

3. Lucia Urizar-Mota is the wife of Sergio Reyes.

4. Delmy Reyes, Sergio Reyes, Wilmer Reyes, and Gerson Reyes are residents of the City of Providence, State of Rhode Island. They are the minor children of Mrs. Urizar-Mota and Sergio Reyes.

5. Defendant United States of America is the party being sued on behalf of Providence Community Health Center, a federally qualified health care center.

6. Defendants John and/or Jane Doe, M.D., Alias, are citizens and residents of the State of Rhode Island. The true names of defendants are unknown to plaintiffs who consequently sue such defendants by said fictitious names. Plaintiffs will seek leave to amend their Complaint to state the true names of defendants John and Jane Doe, M.D., Alias, when such have been ascertained.

1

7. Defendant John Doe Corporation, Alias, upon information and belief is a corporation existing under the laws of the State of Rhode Island with a principal place of business herein. The true name of the defendant Corporation is unknown to plaintiffs who consequently sue such defendant by said fictitious name. Plaintiffs will seek leave to amend their Complaint to state the true name of defendant John Doe Corporation, Alias when such has been ascertained.

### VENUE AND JURISDICTION

8. This Court has jurisdiction over this action as it is a civil claim against the United States for damages under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, and jurisdiction over such claims is conferred on this Court by 28 U.S.C. § 1346.

9. Venue is proper under 28 U.S.C. § 1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of Rhode Island. Additionally, plaintiff resides in Rhode Island and brings this complaint in the United States District Court where they reside.

10. The above action is proper as the plaintiff properly presented the claims that are the subject of this lawsuit to the administrative agency as required by 28 U.S.C. §§ 2401(b) and 2675 by mail on September 23, 2020. More than six months have passed since the date of presentment without final disposition of the claim, and this action is therefore proper. 28 U.S.C. § 2675(a).

### FACTS

11. On November 14, 2012, plaintiff Lucia Urizar-Mota presented to the Providence Community Health Center to obtain treatment for her medical needs, including but not limited to complaints of a headache.

12. Mrs. Urizar-Mota continued to visit the Providence Community Health Center many times between 2012 and 2019, during which she consistently complained of a severe headache, among other symptoms.

13. On June 19, 2019, Mrs. Urizar-Mota was attempting to seek medical treatment at the Providence Community Health Center when she passed out in the car on the center's premises. Emergency Medical Services transported her to the Rhode Island Hospital Emergency Department, where she presented with a severe headache and vomiting, and was admitted.

14. That same day, on June 19, 2019, a CT scan of her brain was ordered and performed. The CT scan of her brain read, in part, "markedly dilated lateral and third ventricles. Diffuse effacement of sulci and skull base cisterns. Blood is present within the dilated third ventricle, the aqueduct, and the fourth ventricle which is also dilated, possibly due to a clot or mass."

15. On June 24, 2019, Mrs. Urizar-Mota was taken to the operating room for a brain tumor resection. The subsequent pathology revealed juvenile pilocytic astrocytoma. A post-operative MRI revealed a cerebellar stroke.

16. Mrs. Urizar-Mota's medical record does not reflect that the Providence Community Health Center ever ordered or performed imaging of Mrs. Urizar-Mota's brain. Due to defendant's negligence, Mrs. Urizar-Mota was not diagnosed with juvenile pilocytic astrocytoma until June of 2019.

17. On October 18, 2019, Mrs. Urizar-Mota underwent an MRI. The results showed no evidence of tumor recurrence, but did show permanent injury to the brain and degeneration of the connections between the injured area in the cerebellum and the connection of the brainstem.

18. Mrs. Urizar-Mota continues to have headaches, and also experiences twitching and trembling in her left extremities, trouble with her balance, and vision issues. She is no longer able to manage her household and her activities of daily living.

## COUNT I
## NEGLIGENCE
## UNITED STATES OF AMERICA

1. Plaintiffs hereby incorporate Paragraphs 1 through 18 as if fully set forth at length herein.

2. On or about November 2012 and thereafter, Providence Community Health Center., a federally funded health care center, by and through its agents, actors and employees, undertook for valuable consideration to diagnose, treat, and care for Lucia Urizar-Mota.

3. It then and there became and was the duty of defendant United States of America, by and through its agents, actors and employees, to exercise ordinary care in the diagnosis, treatment and care of Ms. Urizar-Mota.

4. Nevertheless, defendant disregarded its duty as aforesaid and failed to exercise said degree of diligence and skill in that it failed to properly diagnose and failed to render adequate, proper, and necessary treatment to Lucia Urizar-Mota and was otherwise negligent in its diagnosis, treatment, and care of her.

5. As a direct and proximate result of the defendant's negligence, Lucia Urizar-Mota suffered severe and permanent injuries to her mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and emotional distress, has been and will in the future be unable to perform her usual activities, and will suffer loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

6. By reason of the foregoing, plaintiff has incurred expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7. By reason of the foregoing, plaintiff, Sergio Reyes has suffered and will continue to suffer the loss of services, companionship, society and comfort of his wife Lucia Urizar-Mota and Delmy Reyes, Sergio Reyes, Wilmer Reyes and Gerson Reyes, have been and will continue to be deprived of parental society and companionship of their mother Lucia Urizar-Mota.

8. As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Lucia Urizar-Mota suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence by Ms. Urizar-Mota, they were not discoverable until she was diagnosed with a juvenile pilocytic astrocytoma in June of 2019.

WHEREFORE, plaintiffs demand judgment against defendant United States of America in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

### COUNT II
### LACK OF INFORMED CONSENT
### UNITED STATES OF AMERICA

1. Paragraphs 1 through 18 and Count I are hereby incorporated by reference as if set forth fully at length herein.

2. It then and there became the duty of defendant United States of America, no emergency existing, to inform Lucia Urizar-Mota of the risks of harm attendant to the treatment and care it proposed to administer to and perform upon her so that she could give her informed consent to such treatment. It also then and there became the duty of defendant to obtain her informed consent before proceeding with said treatment and care.

5

3. Nevertheless, defendant disregarded its duty as aforesaid and failed to inform Lucia Urizar-Mota of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained her informed consent.

4. If defendant had informed Lucia Urizar-Mota of the risks of harm attendant to the treatment and care in question, including, but not limited to, the risk of her suffering those injuries from which she suffered as a direct result of defendant's performance of the treatment and care in question, she would have refused to consent to the performance of said treatment and care.

5. As a direct and proximate result of the defendant's negligence, Lucia Urizar-Mota suffered severe and permanent injuries to her mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and emotional distress, has been and will in the future be unable to perform her usual activities, and will suffer loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

6. By reason of the foregoing, plaintiff has incurred expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7. By reason of the foregoing, plaintiff, Sergio Reyes has suffered and will continue to suffer the loss of services, companionship, society and comfort of his wife Lucia Urizar-Mota and Delmy Reyes, Sergio Reyes, Wilmer Reyes and Gerson Reyes, have been and will continue to be deprived of parental society and companionship of their mother Lucia Urizar-Mota.

8. As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Lucia Urizar-Mota suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence by Ms. Urizar-

Mota, they were not discoverable until she was diagnosed with a juvenile pilocytic astrocytoma in June of 2019.

WHEREFORE, plaintiffs demand judgment against defendant United States of America in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

## COUNT III
## CORPORATE LIABILITY
## UNITED STATES OF AMERICA

1. Paragraphs 1 through 18 and Counts I and II are hereby incorporated by reference as if set forth fully at length herein.

2. It then and there became and was the duty of defendant United States of America to provide quality medical care to Lucia Urizar-Mota, to protect her safety, to protect her from incompetent and/or negligent treatment, to ensure that those providing care and treatment within its walls were properly credentialed, and to otherwise exercise reasonable care for her protection and well-being

3. Nevertheless, defendant negligently disregarded its duty as aforesaid and/or failed to promulgate and enforce policies and procedures to ensure the delivery of ordinary medical care, and/or otherwise failed to discharge its responsibilities as a medical provider to Lucia Urizar-Mota.

4. As a direct and proximate result of the defendant's negligence, Lucia Urizar-Mota suffered severe and permanent injuries to her mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and emotional distress, has been and will in the future be unable to perform her usual activities, and will suffer loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

5. By reason of the foregoing, plaintiff has incurred expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

6. By reason of the foregoing, plaintiff, Sergio Reyes has suffered and will continue to suffer the loss of services, companionship, society and comfort of his wife Lucia Urizar-Mota and Delmy Reyes, Sergio Reyes, Wilmer Reyes and Gerson Reyes, have been and will continue to be deprived of parental society and companionship of their mother Lucia Urizar-Mota.

7. As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Lucia Urizar-Mota suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence by Ms. Urizar-Mota, they were not discoverable until she was diagnosed with a juvenile pilocytic astrocytoma in June of 2019.

WHEREFORE, plaintiffs demand judgment against defendant United States of America in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

## COUNT IV
## VICARIOUS LIABILITY
## UNITED STATES OF AMERICA

1. Paragraphs 1 through 18 and Counts I through III are hereby incorporated by reference as if fully set forth at length herein.

2. Providence Community Health Center health care providers in Rhode Island who treated the Lucia Urizar-Mota, were employees, agents, apparent agents and/or servants of the Providence Community Health Center and were acting within the scope of their employment at all times relevant hereto.

3. Defendant was at all relevant times vicariously responsible for the acts of its agents and servants, including, but not limited to, the acts of Providence Community Health Center health care providers as set forth above.

4. As a direct and proximate result of the defendant's negligence, Lucia Urizar-Mota suffered severe and permanent injuries to her mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and emotional distress, has been and will in the future be unable to perform her usual activities, and will suffer loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

5. By reason of the foregoing, plaintiff has incurred expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

6. By reason of the foregoing, plaintiff, Sergio Reyes has suffered and will continue to suffer the loss of services, companionship, society and comfort of his wife Lucia Urizar-Mota and Delmy Reyes, Sergio Reyes, Wilmer Reyes and Gerson Reyes, have been and will continue to be deprived of parental society and companionship of their mother Lucia Urizar-Mota.

7. As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Lucia Urizar-Mota suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence by Ms. Urizar-Mota, they were not discoverable until she was diagnosed with a juvenile pilocytic astrocytoma in June of 2019.

WHEREFORE, plaintiffs demand judgment against defendant United States of America in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

### COUNT V
### NEGLIGENCE
### JOHN AND/OR JANE DOE, M.D., ALIAS

1. Plaintiff hereby incorporates Paragraphs 1 through 18 as if fully set forth at length herein.

2. On or about November 2012, defendant John and/or Jane Doe, M.D., Alias undertook for valuable consideration to diagnose, treat, and care for Lucia Urizar-Mota.

3. It then and there became and was the duty of the defendant to exercise that degree of diligence and skill required of the average physician engaged in the practice of medicine.

4. Nevertheless, defendant disregarded his/her duty as aforesaid and failed to exercise said degree of diligence and skill in that he/she failed to properly diagnose and failed to render adequate, proper, and necessary treatment to Lucia Urizar-Mota and was otherwise negligent in his/her diagnosis, treatment, and care of her.

5. As a direct and proximate result of the defendant's negligence, Lucia Urizar-Mota suffered severe and permanent injuries to her mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and emotional distress, has been and will in the future be unable to perform her usual activities, and will suffer loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

6. By reason of the foregoing, plaintiff has incurred expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7. By reason of the foregoing, plaintiff, Sergio Reyes has suffered and will continue to suffer the loss of services, companionship, society and comfort of his wife Lucia Urizar-Mota and Delmy Reyes, Sergio Reyes, Wilmer Reyes and Gerson Reyes, have been and

will continue to be deprived of parental society and companionship of their mother Lucia Urizar-Mota.

8.  As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Lucia Urizar-Mota suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence by Ms. Urizar-Mota, they were not discoverable until she was diagnosed with a juvenile pilocytic astrocytoma in June of 2019.

WHEREFORE, plaintiffs demand judgment against defendant John and/or Jane Doe, M.D., Alias in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

## COUNT VI
## LACK OF INFORMED CONSENT
## JOHN AND/OR JANE DOE, M.D., ALIAS

1.  Paragraphs 1 through 18 and Count V are hereby incorporated by reference as if set forth fully at length herein.

2.  It then and there became the duty of defendant John and/or Jane Doe, M.D., Alias, no emergency existing, to inform Lucia Urizar-Mota of the risks of harm attendant to the treatment and care he/she proposed to administer to and perform upon her so that she could give her informed consent to such treatment.  It also then and there became the duty of defendant to obtain Lucia Urizar-Mota' informed consent before proceeding with said treatment and care.

3.  Nevertheless, defendant disregarded his/her duty as aforesaid and failed to inform Lucia Urizar-Mota of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained her informed consent.

4.     If defendant had informed Lucia Urizar-Mota of the risks of harm attendant to the treatment and care in question including, but not limited to, the risk of her suffering those injuries from which she suffered as a direct result of defendant's performance of the treatment and care in question, she would have refused to consent to the performance of said treatment and care.

5.     As a direct and proximate result of the defendant's negligence, Lucia Urizar-Mota suffered severe and permanent injuries to her mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and emotional distress, has been and will in the future be unable to perform her usual activities, and will suffer loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

6.     By reason of the foregoing, plaintiff has incurred expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7.     By reason of the foregoing, plaintiff, Sergio Reyes has suffered and will continue to suffer the loss of services, companionship, society and comfort of his wife Lucia Urizar-Mota and Delmy Reyes, Sergio Reyes, Wilmer Reyes and Gerson Reyes, have been and will continue to be deprived of parental society and companionship of their mother Lucia Urizar-Mota.

8.     As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Lucia Urizar-Mota suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence by Ms. Urizar-Mota, they were not discoverable until she was diagnosed with a juvenile pilocytic astrocytoma in June of 2019.

WHEREFORE, plaintiffs demand judgment against defendant John and/or Jane Doe, M.D., Alias in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

**COUNT VII**
**NEGLIGENCE**
**JOHN DOE CORPORATION, ALIAS**

1. Plaintiff hereby incorporates Paragraphs 1 through 18 as if fully set forth at length herein.

2. On or about November 2012, John Doe Corporation, Alias, by and through its agents, actors and employees, undertook for valuable consideration to diagnose, treat, and care for Lucia Urizar-Mota.

3. It then and there became and was the duty of the defendant, by and through its agents, actors and employees, to exercise ordinary care in the diagnosis, treatment and care of Ms. Urizar-Mota.

4. Nevertheless, defendant disregarded its duty as aforesaid and failed to exercise said degree of diligence and skill in that it failed to properly diagnose and failed to render adequate, proper, and necessary treatment to Lucia Urizar-Mota and was otherwise negligent in its diagnosis, treatment, and care of her.

5. As a direct and proximate result of the defendant's negligence, Lucia Urizar-Mota suffered severe and permanent injuries to her mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and emotional distress, has been and will in the future be unable to perform her usual activities, and will suffer loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

6. By reason of the foregoing, plaintiff has incurred expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7. By reason of the foregoing, plaintiff, Sergio Reyes has suffered and will continue to suffer the loss of services, companionship, society and comfort of his wife Lucia Urizar-Mota and Delmy Reyes, Sergio Reyes, Wilmer Reyes and Gerson Reyes, have been and will continue to be deprived of parental society and companionship of their mother Lucia Urizar-Mota.

8. As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Lucia Urizar-Mota suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence by Ms. Urizar-Mota, they were not discoverable until she was diagnosed with a juvenile pilocytic astrocytoma in June of 2019.

WHEREFORE, plaintiffs demand judgment against defendant John Doe Corporation, Alias in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

### COUNT VIII
### LACK OF INFORMED CONSENT
### JOHN DOE CORPORATION, ALIAS

1. Paragraphs 1 through 18 and Count VII are hereby incorporated by reference as if set forth fully at length herein.

2. It then and there became the duty of defendant John Doe Corporation, Alias, no emergency existing, to inform Lucia Urizar-Mota of the risks of harm attendant to the treatment and care it proposed to administer to and perform upon her so that she could give her informed consent to such treatment. It also then and there became the duty of defendant

to obtain Lucia Urizar-Mota' informed consent before proceeding with said treatment and care.

3. Nevertheless, defendant disregarded its duty as aforesaid and failed to inform Lucia Urizar-Mota of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained her informed consent.

4. If defendant had informed Lucia Urizar-Mota Plaintiff of the risks of harm attendant to the treatment and care in question including, but not limited to, the risk of her suffering those injuries from which she suffered as a direct result of defendant's performance of the treatment and care in question, she would have refused to consent to the performance of said treatment and care.

5. As a direct and proximate result of the defendant's negligence, Lucia Urizar-Mota suffered severe and permanent injuries to her mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and emotional distress, has been and will in the future be unable to perform her usual activities, and will suffer loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

6. By reason of the foregoing, plaintiff has incurred expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7. By reason of the foregoing, plaintiff, Sergio Reyes has suffered and will continue to suffer the loss of services, companionship, society and comfort of his wife Lucia Urizar-Mota and Delmy Reyes, Sergio Reyes, Wilmer Reyes and Gerson Reyes, have been and will continue to be deprived of parental society and companionship of their mother Lucia Urizar-Mota.

8. As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Lucia Urizar-Mota suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence by Ms. Urizar-Mota, they were not discoverable until she was diagnosed with a juvenile pilocytic astrocytoma in June of 2019.

WHEREFORE, plaintiffs demand judgment against defendant John Doe Corporation, Alias in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

## COUNT IX
## CORPORATE LIABILITY
## JOHN DOE CORPORATION, ALIAS

1. Paragraphs 1 through 18 and Counts VII and VIII are hereby incorporated by reference as if set forth fully at length herein.

2. It then and there became and was the duty of defendant John Doe Corporation, Alias to provide quality medical care to the Lucia Urizar-Mota, to protect her safety, to protect her from incompetent and/or negligent treatment, to ensure that those providing care and treatment within its walls were properly credentialed, and to otherwise exercise reasonable care for her protection and well-being.

3. Nevertheless, defendant negligently disregarded its duty as aforesaid and/or failed to promulgate and enforce policies and procedures to ensure the delivery of ordinary medical care, and/or otherwise failed to discharge its responsibilities as a medical provider to Lucia Urizar-Mota.

4. As a direct and proximate result of the defendant's negligence, Lucia Urizar-Mota suffered severe and permanent injuries to her mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and

emotional distress, has been and will in the future be unable to perform her usual activities, and will suffer loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

5. By reason of the foregoing, plaintiff has incurred expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

6. By reason of the foregoing, plaintiff, Sergio Reyes has suffered and will continue to suffer the loss of services, companionship, society and comfort of his wife Lucia Urizar-Mota and Delmy Reyes, Sergio Reyes, Wilmer Reyes and Gerson Reyes, have been and will continue to be deprived of parental society and companionship of their mother Lucia Urizar-Mota.

7. As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Lucia Urizar-Mota suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence by Ms. Urizar-Mota, they were not discoverable until she was diagnosed with a juvenile pilocytic astrocytoma in June of 2019.

WHEREFORE, plaintiffs demand judgment against defendant John Doe Corporation, Alias in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

## COUNT X
## VICARIOUS LIABILITY
## JOHN DOE CORPORATION, ALIAS

1. Paragraphs 1 through 18 and Counts VII through IX are hereby incorporated by reference as if fully set forth at length herein.

2. John and/or Jane Doe, M.D., Alias was an employee, agent, apparent agent and/or servant of the defendant and was acting within the scope of his employment at all times relevant hereto.

3. Defendant was at all relevant times vicariously responsible for the acts of its agents and servants, including, but not limited to, the acts of John and/or Jane Doe, M.D., Alias as set forth above.

4. As a direct and proximate result of the defendant's negligence, Lucia Urizar-Mota suffered severe and permanent injuries to her mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and emotional distress, has been and will in the future be unable to perform her usual activities, and will suffer loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

5. By reason of the foregoing, plaintiff has incurred expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

6. By reason of the foregoing, plaintiff, Sergio Reyes has suffered and will continue to suffer the loss of services, companionship, society and comfort of his wife Lucia Urizar-Mota and Delmy Reyes, Sergio Reyes, Wilmer Reyes and Gerson Reyes, have been and will continue to be deprived of parental society and companionship of their mother Lucia Urizar-Mota.

7. As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Lucia Urizar-Mota suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence by Ms. Urizar-Mota, they were not discoverable until she was diagnosed with a juvenile pilocytic astrocytoma in June of 2019.

WHEREFORE, plaintiffs demand judgment against defendant John Doe Corporation, Alias in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

**PLAINTIFFS PRAY FOR TRIAL BY JURY
ON NON-FTCA CLAIMS AND DESIGNATES
AMATO DELUCA AS TRIAL ATTORNEY**

Plaintiffs,
By their attorneys,

/s/ Amato A. DeLuca
Amato A. DeLuca (#0531)
Katelyn M. Revens (#9078)
**DeLUCA & ASSOCIATES, LTD**
199 North Main Street
Providence, RI  02903
(401) 453-1500
(401) 453-1501 Fax
bud@delucaandassociates.com

Dated: April 7, 2021