UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| LUCIA URIZAR-MOTA; SERGIO REYES, Individually and p.p.a. DELMY REYES, SERGIO REYES, WILMER REYES, and GERSON REYES, Minors,<br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; JOHN and/or JANE DOE, M.D., Alias; and JOHN DOE CORPORATION, Alias,<br>    Defendants. | C.A. No. 21-cv-155-JJM-PAS |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Chief Judge.

Lucia Urizar-Mota was a patient of the Providence Community Health Center ("PCHC"). Since 2012, Ms. Urizar-Mota complained of headaches "several times," but PCHC did not order any brain imaging. In June 2019, Ms. Urizar-Mota collapsed, was rushed to the hospital, and suffered a cerebral stroke. She and her husband and children sued the United States ("the Government").[1] ECF No. 1. The Government moved to dismiss (ECF No. 8), claiming that Ms. Urizar-Mota's husband and children did not properly file administrative claims under the Federal Tort Claims Act ("FTCA") and therefore this Court lacks subject matter jurisdiction. Because Rhode

---

[1] The PCHC is a Federally Qualified Health Center in Providence, Rhode Island.

Island law defines the spouse's and children's claims as purely derivative, the FTCA administrative claims requirement is to be flexibly and leniently applied, and the Plaintiffs fulfilled the purpose of the notice requirement in this case, the Court DENIES the Government's Motion to Dismiss. ECF No. 8.

## I. FACTS[2]

Ms. Urizar-Mota alleges in her Complaint that because the PCHC did not give her proper medical care for seven years, it did not timely diagnose a brain tumor, which has caused her severe and permanent injuries.[3] She also named her husband and their four children as Plaintiffs in this suit, asserting their claims for loss of consortium and companionship.

Ms. Urizar-Mota timely sent the United State Department of Health and Human Services a six-page letter detailing her medical negligence claim. Her husband and children were not specifically named in the letter. The Government denied the claim. ECF No. 10-4.

## II. ANALYSIS

The Government has moved to dismiss under Fed. R. Civ. P. 12(b)(1), claiming the Court lacks subject matter jurisdiction over this suit, and 12(b)(6), arguing that Plaintiffs have failed to state a claim upon which relief can be granted.

### A. LACK OF SUBJECT MATTER JURISDICTION

---

[2] The Court will set forth only abbreviated facts relevant to the "notice of administrative claim" defense raised by the Government.

[3] "She is no longer able to manage her household and her activities of daily living." ECF No. 1 at 4, ¶ 18.

The question posed by the Government's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) is whether Ms. Urizar-Mota's letter put the Government on proper notice of the claims that include those for loss of consortium and society by her husband and children. Such notice is required for this Court to have subject matter jurisdiction over Plaintiffs' claims. The Court will review the statutory requirements for administrative claims and the purpose of the requirement, review the state-based claims of Ms. Urizar-Mota's family members, and then apply the law to the facts to decide the whether the notice provided was sufficient.

*1. Statutory Requirement of Administrative Notice-of-Claim*

The Government and its agencies enjoy sovereign immunity from lawsuits. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA waives the Government's sovereign immunity when a federal employee, acting within the scope of their employment, commits a tortious or wrongful act and injures another. 28 U.S.C. § 2674. Before suing, administrative remedies must be exhausted. 28 U.S.C. § 2675(a) ("[T]he claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied . . .").

A plaintiff has satisfied the statutory notice requirement when her notice to the Government "includes (1) sufficient information for the agency to investigate the claims, and (2) the amount of damages sought." *Santiago-Ramirez v. Sec'y of Dep't of Def.*, 984 F.2d 16, 19 (1st Cir. 1993) (citations omitted) (citing *López v. United States*, 758 F.2d 806, 809–10 (1st Cir. 1985) and the standard in *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980) with approval). The First Circuit has held:

> The test is an eminently pragmatic one: as long as the language of an administrative claim serves due notice that the agency should investigate the possibility of particular (potentially tortious) conduct and includes a specification of the damages sought, it fulfills the notice-of-claim requirement.

*Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34, 40 (1st Cir. 2000).

The purpose of the FTCA notice requirement is to encourage the administrative settlement of claims against the United States and to prevent the unnecessary burdening of the courts. The requirement is designed to "give notice to the Government 'sufficient to allow it to investigate the alleged negligent episode to determine if settlement would be in the best interests of all.'" *Corte-Real v. United States*, 949 F.2d 484, 486 (1st Cir. 1991) (quoting *Lopez v. United States,* 758 F.2d 806, 809 (1st Cir. 1985) and citing *Reilly v. United States,* 863 F.2d 149, 172 (1st Cir. 1988)).

### 2. *The Plaintiffs' State-Based Claims*

Ms. Urizar-Mota's husband, Sergio Reyes sues for loss of consortium proximately caused by the Defendants' alleged negligence in treating and caring for Ms. Urizar-Mota. He also sues on their minor children's behalf for the loss of the society of their mother. They sue claiming that they are entitled to damages because their wife and mother "is no longer able to manage her household and her activities of daily living." ECF No. 1 at 4, ¶ 18. Specifically, they claim:

> Sergio Reyes has suffered and will continue to suffer the loss of services, companionship, society and comfort of his wife Lucia Urizar-Mota and Delmy Reyes, Sergio Reyes, Wilmer Reyes and Gerson Reyes, have been and will continue to be deprived of parental society and companionship of their mother Lucia Urizar-Mota.

ECF No. 1 at 5 ¶ 7; at 6 ¶ 7; at 8 ¶ 6; at 9 ¶ 6; at 10–11 ¶ 7; at 12, ¶ 7; at 14 ¶ 7; at 15 ¶ 7; at 17 ¶ 6; and at 18 ¶ 6.[4]

A spouse and children have a claim for loss of consortium and society against the tortfeasor of their injured spouse and parent. *See* R.I. Gen. Laws § 9–1–41 ("(a) A married person is entitled to recover damages for loss of consortium caused by tortious injury to his or her spouse. (b) An unemancipated minor is entitled to recover damages for the loss of parental society and companionship caused by tortious injury to his or her parent.").

In Rhode Island, the spouse's and children's causes of action solely derive from those of the injured family member. *Desjarlais v. USAA Ins. Co.*, 824 A.2d 1272, 1280 (R.I. 2003) ("[P]laintiff's loss-of-consortium claim is strictly derivative and inextricably tied to the resolution of the impaired party's claims"); *see also Sama v. Cardi Corp.*, 569 A.2d 432, 433 (R.I. 1990) ("[A]n action for loss of consortium . . . is not an independent action but a derivative one that is attached to the claim of the injured spouse. It arises from the injured spouse's physical injury and is dependent upon the success of the underlying tort claim.").

3. *Application of the Law to These Facts*

The First Circuit has set forth the following guidance, which governs the Court's analysis:

---

[4] The Complaint does not set forth any separate counts for Mr. Reyes and the children. Each count in the Complaint merely has a paragraph pointing out that the alleged actions of the Government in each cause of action also caused injury to Ms. Urizar-Mota's husband and her children.

> This circuit approaches the notice requirement leniently, "recognizing that individuals wishing to sue the government must comply with the details of the law, but also keeping in mind that the law was not intended to put up a barrier of technicalities to defeat their claims." A flexible approach to the notice requirement is in keeping with the original purpose behind the filing of an administrative claim: that of allowing the efficient investigation of a claim by the agency without sacrificing the entitlement of a claimant to his or her cause of action against the government. This approach to the notice requirement recognizes that Congress intended to leave the ultimate choice between settlement and suit in the hands of the claimant. In the context of section 2675, the emphasis is on the agency's receipt of information: it must have enough information that it may reasonably begin an investigation of the claim. "Our decision in *Corte-Real* supports saving a claim that is flawed, when the government's investigatory needs are satisfied."

*Santiago-Ramirez*, 984 F.2d at 19 (citations and footnote omitted).

In sum, the First Circuit commands courts to apply the notice requirement leniently and flexibly in a pragmatic and not "woodenly" way, without imposing technical barriers to injured parties seeking redress in court. *Dynamic Image Tech., Inc.*, 221 F.3d at 40.[5]

Here, Ms. Urizar-Mota sent a detailed 6-page letter to the Government with details of her claims and injuries. While the Plaintiffs acknowledge that the letter did not name her spouse and children as claimants, the letter gave the Government notice of the types and extent of the claims that her spouse and children would raise.

---

[5] The Government points to the language in *Carroll v. United States*, 661 F.3d 87, 94 (1st Cir. 2011) that the FTCA must be "construed strictly in favor of the federal government." That case, however, was ruling on the discretion function exception to the FTCA, and the court said that the waiver of sovereign immunity on that issue had to be "strictly construed." In contrast, when the First Circuit ruled on the *notice* requirement of the FTCA, it mandated that Courts leniently and flexibly apply that provision. *Santiago-Ramirez*, 984 F.2d at 19.

For example, Ms. Urizar-Mota stated in her Standard Form 95 that she was married and suffered "permanent, life-altering disabilities." ECF No. 10-2 at 2. In her letter accompanying the Form 95, Ms. Urizar-Mota notes that she "returned home with her family." ECF No. 10-3 at 4. She also states that she "is no longer able to manage the household as she used to and do things such as cooking, cleaning, and laundry. Her ability to care for her younger children is also impacted." *Id.*

The Government also seeks the dismissal of Counts II (lack of informed consent) and III (corporate liability) of Plaintiffs' Complaint, claiming that the pre-suit notice to the Government did not explicitly state the potential causes of action of informed consent and corporate liability. Again, the Court looks to the purpose of the notice requirement in evaluating its sufficiency: to provide notice and information sufficient to assess whether to settle. Both claims are inextricably intertwined with the details, facts, and claims made by Ms. Urizar-Mota in her notice to the Government. The corporate liability claims are inherent in the negligence claim, and lack of informed consent is implied in her claim of negligent diagnosis. ECF No. 10-1 at 12 ("Ms. Urizar-Mota did not give informed consent to receive this treatment that lacked complete neurological exams, physical exams, and imaging of her head.").[6]

---

[6] The Government cites a district court order in *Cobb v. United States*, 09-cv-388-ML, 2010 WL 2232255 (D.R.I. June 2, 2010), in which the Court found that the plaintiff's administrative claim letter failed to provide sufficient notice of the lack of informed consent and vicarious liability claims stemming from their allegations of negligence. But while the First Circuit has not explicitly addressed this question, this Court believes that the Seventh, Ninth, and Eleventh Circuits are correct in their holdings, which have found the administrative claims before them sufficient for inferences of claims for lack of consent. *Goodman v. United States*, 298 F.3d 1048,

7

Considering the leniency to be afforded in the First Circuit to the notice requirement of the FTCA, as well as the purpose of the notice requirement (to put the Government on notice of a claim so that they can consider settlement), the Court finds that the Government was on notice of the claims of Ms. Urizar-Mota and her family. The language of the administrative claim served due notice that the Government should investigate the possibility of specific conduct (the medical negligence of PCHC) and it included a specification of the damages sought ($20 million dollars); it therefore fulfills the notice-of-claim requirement. *Dynamic Image Techs., Inc.*, 221 F.3d at 40. A practical and reasonable read of the six-page detailed notice to the Government is that the medical negligence of PCHC injured Ms. Urizar-Mota and her family.

## B. FAILURE TO STATE A CLAIM

The Government also asserts that the Court should dismiss Counts II (lack of informed consent), III (corporate liability), and IV (vicarious liability) because the Plaintiffs have not asserted plausible claims upon which relief can be granted. The Court need not spend much time addressing this issue, other than to find that each of these claims in the Complaint, affording all reasonable inferences required at the

---

1055 (9th Cir. 2002); *Murrey v. United States*, 73 F.3d 1448, 1453 (7th Cir. 1996); *Bush v. United States*, 703 F.2d 491, 495 (11th Cir.1983).

pleading stage of litigation, sets forth plausible facts that establish a legal duty and a breach that state claims upon which relief can be granted.

### III.   CONCLUSION

The Court DENIES the Government's Motion to Dismiss.  ECF No. 8.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief United States District Judge

August 16, 2021